FERGUSON BROS. & FORSHAY v. WARD.

(Supreme Court, Appellate Term, First Department. May 21, 1914.)

LANDLORD AND TENANT (§ 172*)—RENT—DEFENSE OF EVICTION—EVIDENCE.
   In an action for rent of an apartment, evidence *held* to show construc-
   tive eviction from dampness of the premises.
      [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
      695-703; Dec. Dig. § 172.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth Dis-
trict.

Action by Ferguson Bros. & Forshay against Horatio J. Ward.
From judgment for plaintiff, defendant appeals. Modified and af-
firmed.

Argued May term, 1914, before GUY, BIJUR, and PENDLE-
TON, JJ.

Bandler & Haas, of New York City (Harold R. Zeamans, of New
York City, of counsel), for appellant.

Stoddard & Mark, of New York City (Norman Wilmer Chandler,
and Sharon Graham, both of New York City, of counsel), for respond-
ent.

GUY, J. On July 10, 1913, the defendant leased from the plaintiff a
five-room apartment in the premises No. 104–110 East Fortieth street,
this city, for a term of one year and two months, at a monthly rental
of $133.34, payable in advance. The defendant occupied the apart-
ment until December 3, 1913. This action was brought, and the plain-
tiff has recovered a judgment for the rent for the month of December,
1913, and the month of January, 1914, less the sum of $66.68 paid by
the defendant to the plaintiff. The defense was a constructive evic-
tion, by reason of the continual dampness of the walls of two of the
bedrooms. It was conceded upon the trial that the apartment was a
first-class one and in a first-class neighborhood, and this evidenced by
the price for rent contracted to be paid. It is needless to recite at
length the testimony given upon the trial. The defendant and his wife
first observed the dampness complained of in September, 1913, and at
once called the attention of the superintendent of the building to it,
who promised to attend to the matter, and who said that other tenants
in the building had also complained of the same conditions. The
dampness continued to manifest itself from time to time, and especial-
ly after rainstorms, when it would continue for several days and the
defendant repeatedly made complaint to the superintendent, to the
agents, and at one time to the owner, but nothing was done to remedy
the trouble, or apparently to ascertain its cause, and, the health of the
defendant and his wife being affected, the defendant moved out of the
premises on December 3, 1913.

The testimony of the defendant and his witnesses was not substan-
tially disputed by the plaintiff's witnesses. One of the plaintiff's wit-
nesses testified that he visited the apartment once before December 3,
1913, and found the walls damp in one room, but that he thought the

people "could use the other bedroom." The superintendent admitted that he found the walls "damp and cold" upon one occasion. I think that the testimony established the defense of constructive eviction, and that judgment for the rent for the month of December, 1913, only should have been given for the plaintiff, less said sum paid by defendant.

Judgment modified by reducing the amount of the recovery to the sum of $66.68, and appropriate costs in the court below and as modified affirmed, with costs to the appellant to be offset against the judgment. All concur.